## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:

**DONNA LYNN PICKLESIMER,**                  Case No. 18-55784
                                                        Chapter 13

               Debtor.                                    Judge SHEFFERLY

_____/

### DEBTOR'S MOTION FOR HARDSHIP DISCHARGE PURSUANT TO 11 U.S.C. §1328(b)

The Debtor, **DONNA LYNN PICKLESIMER**, ("Debtor"), through undersigned counsel, respectfully moves the Court for an order granting the Debtor a hardship discharge pursuant to 11 U.S.C. §1328(b). In support, the following is stated:

1. The Debtor filed for Chapter 13 bankruptcy protection on November 21, 2018.

2. The Court entered an Order Confirming Plan on February 9, 2019.

3. The Debtor's confirmed Chapter 13 plan provides from payments to the Chapter 13 Trustee for sixty (60) months, and Debtor is currently in month seventeen (17) of her confirmed plan.

4. The Debtor seeks a Chapter 13 hardship discharge pursuant to 11 U.S.C. §1328(b).

5. Section 1328(b) provides:

   > (b) …..at any time after the confirmation of the plan and after notice and a hearing, the court may grant a discharge to a debtor that has not completed payments under the plan only if-
   > (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
   > (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and
   > (3) modification of the plan under section 1329 of this title is not practicable.

6. The Debtor meets all three prongs of the test for hardship discharge pursuant to § 1328(b).

1 | P a g e

7. The Debtor meets the **first prong** of the test because her "failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable," specifically:

    a. The Debtor, a 60-year-old registered nurse, was terminated from her hospital employment in July 2019 when her position was eliminated.

    b. The Debtor obtained employment at a new hospital in August 2019 and payments resumed; however, she was forced to leave her job due to surgery in November 2019.

    c. During her convalescence after the November 2019 surgery, she did not receive any income or benefits.

    d. The Debtor returned to work in January 2020 but was forced to take time off in April 2020 due to exposure to the novel coronavirus, COVID-19, at the hospital where she worked.

    e. Because of her age and pre-existing medical conditions, the Debtor has been unable to safely return to work.

    f. The Debtor's sole source of income is unemployment compensation, and even receipt of those benefits is inconsistent due to pervasive technological issues she has experienced with the Michigan Unemployment Insurance Agency's online benefits platform.

    g. The Debtor has worked as a registered nurse for her entire working career and is untrained in any other vocation.

    h. Return to work is hazardous for the Debtor given her age and immunocompromised condition. Her nursing vocation has a high likelihood of exposure to the novel coronavirus, and if she were to be infected, she would be at high risk for severe illness, long-term effects, and death.

    i. The unprecedented and unanticipated shift in her nursing career's environment is a situation that Debtor did not anticipate nor prepare for financially.

    j. Therefore, the Debtor is unable to continue payments under the terms of the Plan because of circumstances for which Debtor should not be held accountable.

8. Further, the Debtor meets the **second prong** of the test for hardship discharge.

9. Per the Debtor's liquidation analysis, the Debtor's unsecured creditors are entitled to receive **$0.00**; and so the Trustee has disbursed at least what the unsecured creditors would have been entitled to receive had this case been filed initially as a Chapter 7 case. *See Exhibit 5 – Debtor's Liquidation Analysis.*

10. The Debtor meets the **third prong** of the test for hardship discharge because "modification of the plan under section 1329 of this title is not practicable," specifically:

    a. The Debtor cannot safely return to her work as a nurse due to her age and health due to the pandemic, and its disparate impact on persons of her age, underlying conditions, and occupation.

    b. The Debtor is untrained and unskilled at any other vocation, and it is highly unlikely the Debtor will be able to find employment during this time that she can conduct safely

    c. Because of her current inability to safely work, the Debtor cannot propose a feasible plan modification.

    d. On October 10, 2019, the Trustee filed a Motion to Dismiss case for failure to make plan payments.

    e. The Debtor has filed two plan modifications in valiant attempts to fix the plan; both times, the plan modifications have received Trustee objections related to feasibility. The first plan modification failed and was withdrawn due to Debtor's income instability and her inability to make plan payments. The Debtor filed a second plan modification on July 24, 2020 to prevent the case's dismissal pursuant to the Order Adjourning Hearing entered on May 28, 2020, and this plan modification is pending as of today's debt. The Trustee's objections, however, speak to the futility of the proposed plan modification and its infeasibility. *See Exhibit 4 - Declaration of Donna Lynn Picklesimer*.

    f. A realistic assessment of Debtor's financial situation must include considering of her future needs, and her need for the "fresh start" a Chapter 13 discharge will provide.

11. The Debtor meets the test for a hardship discharge: her inability to complete payments is due to circumstances outside of her control; her unsecured creditors have been paid at least the amount required by a Chapter 7 liquidation analysis; and a plan modification is not practicable, as evidenced by nearly ten (10) months of futile attempts to propose a feasible plan modification.

WHEREFORE, DONNA LYNN PICKLESIMER, requests that the Court enter an order granting a hardship discharge in this case and for other relief as the Court deems just and equitable.

Dated: 8/21/2020			**/s/ Anne Sorge**
Attorneys for Debtor
Charissa Potts (P73247)
Anne Sorge (P79468)
Freedom Law, PC
Kennedy Building
18121 E. Eight Mile Rd., Suite 301
Eastpointe, MI  48021
313.887.0807
info@freedomlawpc.com

4 | P a g e 

18-55784-pjs    Doc 66    Filed 08/21/20    Entered 08/21/20 14:51:21    Page 4 of 4